UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELA RUIZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NISSAN NORTH AMERICA, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 5:25-cv-00578-SHK<br><br>**ORDER DENYING MOTION TO REMAND [ECF No. 10]** |

　　　　Plaintiff Marisela Ruiz ("Plaintiff" or "Pl.") moves to remand ("Motion" or "Mot.") this case to the Superior Court of the State of California, County of Riverside ("State Court"). Electronic Case Filing Number ("ECF No.") 10, Mot. Defendant Nissan North America, Inc. ("Nissan," "Defendant," or "Def.") opposes the Motion ("Opposition" or "Opp'n"). ECF No. 11, Opp'n. "Plaintiff waives oral argument" of the Motion under Local Civil Rule of the United States District Court for the Central District of California ("Local Rule" or "L.R.") 7-15. ECF No. 10, Mot. at 2. The Court finds that the Motion is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.

///

## I. BACKGROUND

As alleged in Plaintiff's Complaint for Damages ("Complaint" or "Compl.") filed in State Court and attached to Defendant's Notice of Removal ("NOR"), this case arises out of the warranty obligations of Defendant regarding a 2022 Nissan Rogue vehicle ("Vehicle") Plaintiff purchased from Defendant. ECF No. 1-1, Compl. at ¶¶ 1, 3. Defendant "issued to Plaintiff express warranties within the meaning of Cal. Civil Code § 1791.2" and, pursuant to those warranties, "promised against defects in materials and workmanship in the Vehicle, undertook to preserve and maintain the utility and performance of the Vehicle, to provide compensation if there is a failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action" to resolve issues with the Vehicle.[1] Id. at ¶ 5. The Vehicle "exhibited numerous defects and nonconformities covered by the warranties which substantially impair[e]d the use, value and safety of the Vehicle to Plaintiff." Id. at ¶ 6. Defendant "failed to repair or replace the Vehicle, or provide restitution" in violation of the Song-Beverly Consumer Warranty Act ("SBA"). Id. at ¶ 14.

Consequently, Plaintiff filed suit in State Court alleging four causes of action under the SBA and one cause of action for violation of Business and Professional Code § 17200. See generally id. Plaintiff seeks, in relevant part: restitution; incidental, consequential, actual, and statutory damages; prejudgment interest; attorney's fees; costs and expenses; and civil penalties of two times Plaintiff's damages. See ECF No. 1-1, Compl. at 9 (Pl.'s Prayer for Relief listing the damages Plaintiff seeks).

On March 5, 2025, asserting diversity jurisdiction, Defendant removed the case to this Court. ECF No. 1, NOR at 4. On April 3, 2025, Plaintiff moved to remand the case to State Court. ECF No. 10, Motion. On April 16, 2025,

---

[1] Capitalization of all material quoted herein normalized unless stated otherwise.

Defendant opposed the Motion ("Opposition" or Opp'n). ECF No. 11, Def.'s Opp'n. On April 23, 2025, Plaintiff filed a reply in support of the Motion ("Reply"). ECF No. 13, Pl.'s Reply.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). "A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction." Ruelas v. FCA US, LLC, et al., No. 2:24-cv-09235-AH-(MAAx), 2025 WL 414840, at *1 (C.D. Cal. Feb. 6, 2025) (citing 28 U.S.C. § 1441(a)). "Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs." Id. (citing 28 U.S.C. §§ 1331, 1332(a)).

"'[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.'" Gonzalez v. Ford Motor Co., No. 2:25-cv-00523-WLH-JPR, 2025 WL 1166056, at *2 (C.D. Cal. Apr. 21, 2025) (quoting Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414–15 (9th Cir. 2018)). "'The amount in controversy may include damages (compensatory, punitive or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" Karapetyan v. Volkswagen Grp. of Am., No. 2:24-cv-04271, 2024 WL 3888904, at *2 (C.D. Cal. Aug. 21, 2024) (quoting Chavez, 888 F.3d at 416; Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 649 (9th Cir. 2016)).

If the complaint affirmatively demands an amount in controversy exceeding $75,000, "the jurisdictional threshold is 'presumptively satisfied[,]' and 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith'

3

1  unless 'from the face of the pleadings, it is apparent, to a legal certainty, that the
2  plaintiff cannot recover the amount claimed . . . .'" Gonzalez, 2025 WL 1166056,
3  at *2 (quoting Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir.
4  2007); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938))
5  (emphasis in original).
6       Where "it is unclear or ambiguous from the face of a state-court complaint
7  whether the requisite amount in controversy is pled, the removing defendant bears
8  the burden of establishing, by a preponderance of the evidence, that the amount in
9  controversy exceeds the jurisdictional threshold." Fritsch v. Swift Transp. Co. of
10 Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018) (citation and internal quotation
11 marks omitted).  "To meet this standard, the defendant must point to 'allegations in
12 the complaint and in the notice of removal' and provide 'summary-judgment-type
13 evidence relevant to the amount in controversy.'" Karapetyan, 2024 WL 3888904,
14 at *2 (C.D. Cal. Aug. 21, 2024) (quoting Chavez, 888 F.3d at 416).  "'[T]he
15 defendant's showing on the amount in controversy may rely on reasonable
16 assumptions.'" Canesco v. Ford Motor Co., 570 F.Supp.3d 872, 888 (S.D. Cal.
17 2021) (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir.
18 2019)) (citing Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197-99 (9th
19 Cir. 2015)).
20      "Where a defendant presents proof of damages exceeding the amount in
21 controversy, 'it then becomes plaintiff's burden to show, as a matter of law, that it
22 is certain he will not recover the jurisdictional amount.'" Id. (quoting Kenneth
23 Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D.
24 Cal. Mar. 27, 2002) (other citations omitted).  "If at any time before final judgment
25 it appears that the district court lacks subject matter jurisdiction, the case shall be
26 remanded." 28 U.S.C. § 1447(c).
27 / / /
28 / / /

### III. DISCUSSION

Here, the parties dispute only whether the amount in controversy requirement is met to confer diversity jurisdiction upon this Court. The Complaint does not affirmatively demand an amount in controversy exceeding $75,000 and, instead, indicates only that Plaintiff "has sustained . . . damages in an amount in excess of $35,000." ECF No. 1-1, Compl. at ¶ 35. Therefore, Defendant must demonstrate, "by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Fritsch, 899 F.3d at 793. For the reasons discussed next, Defendant has met this burden.

#### A. Actual Damages

Defendant argues that "the actual damages at issue here would be approximately $36,578.25." ECF No. 1, NOR at 7. Defendant arrives at this amount by indicating that "Plaintiff is seeking economic damages of $41,330.25—the purchase price paid for the vehicle—less deductions such as the mileage offset . . . of $1,327[,]" and "purchased options totaling $3,425.00, which are deductible under the [SBA]." Id. Defendant amended the mileage offset amount to $1,331.31 in its Opposition and, amended the "the actual damages at issue" to $36,573.94. ECF No. 11, Def.'s Opp'n at 13-14.

Plaintiff responds that "Plaintiff's restitution damages under the Act are limited to the amount paid or payable, which, in this case, is $36,408.74 ($8,940.00 down payment plus $27,468.74)" and "[f]rom this amount, a mileage offset, which Defendant alleges is $1,331.31, and all non-manufacturer installed items, which Defendant alleges amounts to $3,425.00, must be deducted . . . which actually amounts to a total of $31,652.43 in restitution damages." ECF No. 13, Reply at 2.

"[A] plaintiff's recovery is limited to the actual payment amount to the seller." Chajon v. Ford Motor Co., No. 2:18-cv-10533-RGK (RAOx), 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) (citation omitted); see also Gonzalez, 2025 WL 1166056, at *4 ("Under the Song-Beverly Act, the actual price paid or payable

5

1  by the buyer [only] includes any paid finance charges." (emphasis in original,
2  citations and internal quotation marks omitted). "Actual damages under the SBA
3  are 'equal to the actual price paid or payable by the buyer,' minus the reduction in
4  value 'directly attributable to use by the buyer.'" Aliyarzadeh v. FCA US LLC,
5  No. 2:21-cv-08039-MCS-PVC, 2022 WL 500652, at *2 (C.D. Cal. Feb. 18, 2022)
6  (quoting Cal. Civ. Code § 1793.2(d)(2)(B)–(C)). "The reduction is based on miles
7  driven before the first attempted repair of the defect." Id. (citing Cal. Civ. Code
8  § 1793.2(d) (2)(B)–(C)). This is "calculated as 'purchase price multiplied by a
9  fraction constituting miles driven divided by 120,000' – which is then subtracted
10 from the purchase price to get the amount of restitution." Gonzalez, 2025 WL
11 1166056, at *4 (quoting Lee v. FCA U.S., LLC, No. CV 16-5190 PSG (MRWx),
12 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016)).
13      "[C]ourts routinely find that an undisputed Retail Installment Sales Contract
14 can establish actual damages[.]" Id. (citation and internal quotation marks
15 omitted). "Where the Court is unable to determine the specific amount paid
16 towards an installment contract, however, district courts find the 'total cash price'
17 within such contract appropriate as a substitute." Id. (citations omitted).
18      Here, the parties disagree on the restitution valuation for the Vehicle, with
19 Plaintiff arguing that the Vehicle is worth roughly $5,000 less than Defendant
20 asserts. Specifically, Plaintiff argues that Plaintiff is due "a total of $31,652.43 in
21 restitution damages[,]" ECF No. 13, Reply at 2, whereas, Defendant argues in one
22 instance that "the actual damages at issue here would be approximately
23 $36,578.25[,]" ECF No. 1, NOR at 7, and in another instance that "the actual
24 damages at issue here would be $36,573.94[,]" ECF No. 11, Def.'s Opp'n at 14.
25      The parties, however, do not dispute that in arriving at these amounts,
26 $1,331.31 for mileage and $3,425 for non-manufacturer installed items must be
27 deducted from the Vehicle's purchase price. See ECF No. 11, Def.'s Opp'n at 13
28 (Defendant arguing that a "mileage offset of $1,331.31" and purchased options

totaling $3,425 are deductible under the SBA); see also ECF No. 13, Reply at 2 (Plaintiff arguing that "a mileage offset, which Defendant alleges is $1,331.31, and all non-manufacturer installed items, which Defendant alleges amounts to $3,425.00, must be deducted.").

The parties' dispute regarding the restitution value appears to stem from the parties' valuations of the Vehicle's purchase price. Specifically, Defendant asserts that "Plaintiff purchased the 2022 Rogue for $41,330.25" and "[t]he total cash price of the vehicle is $29,900.00." ECF No. 11, Def.'s Opp'n at 13 (citing ECF No. 11-1, Declaration of Casey Douglas ("Douglas Decl.") at 1-2). Plaintiff, on the other hand, argues that "Plaintiff's restitution damages under the Act are limited to the amount paid or payable, which, in this case, is $36,408.74 ($8,940.00 down payment plus $27,468.74)." ECF No. 13, Reply at 2.

Defendant attached a copy of Plaintiff's "Retail Installment Sale Contract" ("Contract") to its Opposition, which supports Plaintiff's argument. See ECF No. 11-2, Contract. Specifically, the Contract indicates that Plaintiff reportedly financed $27,468.74 and applied a down payment of $8,940 when purchasing the Vehicle. Id. at 3. The sum of these numbers is $36,408.74, as Plaintiff asserts. Further, the Douglas Declaration does not list the $41,330.25 purchase price, or the $29,900 cash price of the Vehicle that Defendant asserts in the Opposition. See ECF No. 11-1, Douglas Decl. at 1-3.

Consequently, because the Contract supports Plaintiff's alleged sales price of the vehicle, and because the Douglas Declaration does not contain the information Defendant claims it does, the Court finds that the total sales price of the Vehicle is $36,408.74, as Plaintiff claims. And when $1,331.31 for mileage, and $3,425 for non-manufacturer installed items, are deducted from the sales price, the actual damages at stake in this case are $31,652.43, as Plaintiff claims.

Because Plaintiff does not present evidence to demonstrate the amount Plaintiff paid towards the sales price of the Vehicle under the Contract, the Court

7

1 finds that the total sales price of the Vehicle after all necessary deductions—
2 $31,652.43—is an appropriate figure in calculating restitution owed. Gonzalez,
3 2025 WL 1166056, at *4.
4   Because $31,652.43 is less than $75,000, the actual damages at stake in this
5 case do not satisfy the amount in controversy requirement to confer diversity
6 jurisdiction upon this Court. As such, the Court continues its analysis.

  **B.**  **Civil Penalties**

8   Defendant argues that "it is more likely than not that Plaintiff will pursue
9 civil penalties in this action. Nissan's investigation concluded that the Subject
10 Vehicle was presented for repair at least two times. Based on Nissan's counsel's
11 prior experience, plaintiffs pursue civil penalties when there are records of multiple
12 repair presentations." ECF No. 1, NOR at 8. In its opposition Defendant argues
13 that "Nissan's investigation also concluded that the 2022 Rogue was presented for
14 repair at least 8 times" and "based on Nissan's counsel's prior experience,
15 plaintiffs in lemon law suits pursue civil penalties when there are records of
16 multiple repair presentations." ECF No. 11, Def.'s Opp'n at 15. Defendant adds
17 that in the Complaint, Plaintiff alleges that Defendant knew about the Vehicle's
18 defects and Defendant's legal duties under the warranty but refused to make
19 necessary repairs or provide restitution. Id. Defendant argues that civil penalties
20 awarded will bring the amount in controversy over the requisite $75,000 threshold.
21 ECF No. 1, NOR at 8; ECF No. 11, Def.'s Opp'n at 15.
22   "[C]ourts treat the Song-Beverly Act's civil penalties akin to punitive
23 damages." Gonzalez, 2025 WL 1166056, at *5 (citations and internal quotation
24 marks omitted). "It is well established that punitive damages are part of the
25 amount in controversy in a civil action." Id. (citing Gibson v. Chrysler Corp., 261
26 F.3d 927, 945 (9th Cir. 2001); Canesco, 570 F.Supp.3d at 901) (internal quotation
27 marks omitted).
28

      Here, Plaintiff has explicitly sought "a civil penalty of two times plaintiff's actual damages." ECF No. 1-1, Compl. at 9, (Pl.'s Prayer for Relief listing the damages Plaintiff seeks). The fact that Plaintiff expressly seeks civil damages of two times Plaintiff's actual damages in the Complaint supports including this amount in the amount in controversy. See Gonzalez, 2025 WL 1166056, at *5 (collecting cases for the proposition that there is "good reason" to include "civil penalties at an amount up to twice Plaintiff's actual damages" where "Plaintiff has explicitly sought" in the Complaint). Further, Defendant indicates that the Vehicle was presented for repair at least eight times and that based on Defendant's prior experience, plaintiffs "pursue civil penalties when there are records of multiple repair presentations." ECF No. 11, Def.'s Opp'n at 15 (citing ECF No. 11-1, Douglas Decl. at ¶ 4). This fact also weighs in favor of including civil damages in the amount in controversy. As such, the Court includes civil penalties at an amount up to twice Plaintiff's actual damages in the amount in controversy here.

      If Plaintiff were to receive a civil penalties award twice the amount of Plaintiff's actual damages, as Plaintiff expressly seeks in the Complaint, Plaintiff's civil penalties award would be $63,304.86, in addition to Plaintiff's actual damages of $31,652.43. The sum of Plaintiff's actual damages and civil penalties in this case, if awarded, would be $94,957.29, which is more than $75,000.

      Consequently, the amount in controversy threshold has been satisfied to confer diversity jurisdiction upon this Court. As such, the Court need not consider the parties' arguments regarding whether the Court should also consider attorneys' fees in the amount in controversy. Gonzalez, 2025 WL 1166056, at *5; see also Canesco, 570 F.Supp.3d at 903 (declining to consider attorneys' fees when the amount in controversy requirement was satisfied without their inclusion); Ha Nguyen v. BMW of North Am., LLC, No. 3:20-cv-02432-JLS-BLM, 2021 WL 2411417, at *5 (S.D. Cal. June 14, 2021) (same).

///

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: 07/11/2025

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge